UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ELIZABETH BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 1:19-CV-176-HAB-SLC |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 23). Attorney Ann Trzynka ("Counsel"), who represented Elizabeth Bryant ("Plaintiff") before this Court and in subsequent administrative proceedings, asks this Court to approve an award of attorney fees. The Commissioner of Social Security ("Commissioner") neither supports nor opposes this motion. For the reasons stated below, Counsel's request for 406(b) attorney's fees is GRANTED.

## BACKGROUND

Counsel represented Plaintiff before this Court to appeal the Commissioner's decision to deny her disability benefits. Adopting the Report and Recommendations of the Magistrate Judge (ECF No. 17), this Court on April 4, 2020, reversed and remanded to the Administrative Law Judge for further proceedings (ECF No. 18). After the reverse and remand order, this Court awarded $7,374.80 in Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on June 3, 2020. (ECF No. 22).

On remand, the Social Security Administration awarded Plaintiff $39,770.50 in past-due benefits. (ECF No. 23-1, at 5). The representation agreement between Plaintiff and Counsel

entitled the latter to twenty-five percent of Plaintiff's past-due benefits. (*Id.* at 1). The Social Security Administration stated it withheld $6,000.00 from Plaintiff's award for the direct payment of attorney fees. (*Id.* at 5).[1]

In this motion, Counsel asks the Court to award a gross total of $9,374.80 in attorney fees under § 406(b). Additionally, Counsel requests that she be permitted to retain the $7,374.80 in EAJA fees already received as a result of the 2020 fee award and that the net remaining balance of $2,000.00 be dispersed from any of Plaintiff's past-due benefits still being withheld.

## ANALYSIS

Title 42 U.S.C. § 406 governs fees for attorneys representing Social Security claimants, both administratively and in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793–94 (2002). An attorney who obtains a favorable judgment for a Social Security claimant can obtain "a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant because of that judgment. 42 U.S.C. § 406(b)(1)(A) (emphasis added).

To determine whether a fee is reasonable, this Court "must begin with the contingency award as its polestar." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (internal quotations omitted). It must then consider multiple factors to determine whether a requested

---

[1] Attached as an exhibit to Plaintiff's motion for attorney's fees is a document containing both a copy of the representation agreement and the notice of award from the Social Security Administration. (ECF No. 23-1). While a review of the agreement between Plaintiff and Counsel confirms a contingency rate of 25% of any awarded past-due benefits (*Id.* at 1), the notice of award notes that "[u]nder the fee agreement, the representative cannot charge you more than $6,000.00 for his or her work." (*Id.* at 5). Because the agency was under the belief that Counsel could charge no more than that amount, only $6,000 was withheld from the past-due benefits. (*Id.*). It is unclear to the Court where the agency found the $6,000 figure or to which agreement it is referring.

Additionally, Counsel notes that staff in her office confirmed with Plaintiff that the agency did *not* withhold past-due benefits to pay a fee for the work performed in court. (ECF No. 24 at 3). However, given that neither party has mentioned the $6,000 and the agency has not objected to the requested fee or netted award, the Court need not pursue this oddity further.

award should be reduced, including "the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Id.* Put another way, this Court "give[s] primacy to fee agreements" while acting as "'check' on contingent-fee agreements that result in unreasonable fees." *Id.* (quoting *Gisbrecht*, 535 U.S. at 807–08).

Here, Counsel requests a fee of $9,374.80 for 35.8 hours of work by her, an effective rate of $261.87 per hour. This amounts to roughly 23.6% of Plaintiff's past-due benefits, which is below the 25% maximum allowed for representation in court under § 406. With that in mind, the Court must next determine whether this request is reasonable. It is.

While Counsel's motion—in addition to Plaintiff's Notice acknowledging receipt of Counsel's motion and confirming Plaintiff's consent to the requested award (ECF No. 26)—does not indicate Plaintiff's express satisfaction, such satisfaction can be implied. Plaintiff was initially denied benefits; Counsel successfully reversed that result. To do so, Counsel represented Plaintiff before this Court and in administrative proceedings for multiple years, resulting in Plaintiff now being entitled to $39,770.50 in past-due benefits. (ECF No. 23-1, at 5). Additionally, Plaintiff will now receive $1,168.00 in disability benefits monthly. (*Id.* at 4). Neither would have occurred without Counsel's successful representation.

Other factors also point to the fees request being reasonable. Although Counsel's request comes four years after Plaintiff's Notice of Award, Counsel herself did not receive a copy of the Notice until February 5, 2025. (ECF No. 23-1, at 3). Counsel asserts she attempted multiple times through the years to get the Notice of Award from the Social Security Administration, but she was not successful until earlier this year. (ECF No. 24, at 2). Given that Counsel filed the instant motion

within a few months of finally receiving that information, the Court finds the petition was filed within a "reasonable time." *See Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987) ("[A] petition for fees under § 406(b)(1) must be brought within a reasonable time."). Accordingly, there is no evidence Counsel delayed or overreached in this case. Additionally, by representing Plaintiff on contingency, Counsel also assumed considerable risk of financial loss. Further, the effective hourly rate she requests is substantially below the range of past awards approved in this jurisdiction. *See, e.g.*, *Sholl v. Comm'r of Soc. Sec.,* No. 1:22-CV-00042-SLC, 2025 WL 1778711, at *4 (N.D. Ind. June 27, 2025) (awarding a fee equating to $657.23 per hour); *Hughes v. O'Malley*, No. 1:20-CV-369-TLS-SLC, 2024 WL 1071059, at *1 (N.D. Ind. Feb. 6, 2024) (awarding a fee equating to $484.74 per hour); *Mitchell v. Comm'r of Soc. Sec.*, No. 1:20-cv-00490-SLC, 2024 WL 228037, at *4 (N.D. Ind. Jan. 22, 2024) (awarding fee equating to $603.14 per hour).

Therefore, the Court finds the Counsel's request for fees is reasonable. The Court grants Counsel's motion and authorizes $9,374.80 in § 406(b) attorney's fees, less the $7,374.80 already received under the EAJA award. This results in a net award of $2,000.00 in fees.[2]

## CONCLUSION

For these reasons, Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (ECF No. 23) is GRANTED in the amount of $9,374.80, less an offset for $7,374.80 in EAJA fees previously awarded. The Commissioner shall pay Counsel the resulting net fee award of $2,000 out of Plaintiff's withheld past-due benefits and release any remaining withheld benefits to Plaintiff.

---

[2] The Court notes that while "the netting method" for disbursement of attorney fees "is permissible, it is 'disfavor[ed]'" because the Savings Provision of § 406(b)(1) "anticipates an attorney-to-claimant refund." *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (quoting *Martinez v. Berryhill*, 699 F.App'x. 775, 776 (10th Cir. 2017)).

SO ORDERED on October 10, 2025.

    s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

5